UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA                                              PLAINTIFF

v.                            No. 2:19-cv-02141

DUSTIN ZACHARY JORDAN, et al.                                 DEFENDANTS

## ORDER

On November 19, 2019, Plaintiff, The Prudential Insurance Company of America ("Prudential"), initiated this interpleader action. Prudential issued group life insurance policy number G-52986 to Bank of the Ozarks. As an eligible employee of Bank of the Ozarks, Kathy Jordan held life insurance coverage under this plan. Due to the circumstances surrounding Kathy Jordan's death, Prudential asks that the Court determine which party is legally entitled to approximately $44,000 in benefits insured under Jordan's life insurance policy. Prudential served all parties which may claim an interest in the proceeds and those parties have either appeared or failed to respond. Prudential filed a motion (Doc. 4) to deposit the funds in the Court's registry pursuant to 28 U.S.C. § 1335(a)(2) and absolve it of all liability relating to the payment of benefits under Kathy Jordan's policy.

Because it appears Prudential has served all parties having an interest in this action, the Court will GRANT Prudential's motion (Doc. 4) in full:

(1)     Within 14 days of the signing of this Order, Prudential shall deposit into the registry of this Court $44,000, representing the remaining death benefits payable as a result of the death of Kathy Jordan in connection with group life insurance policy number G-52986, plus applicable claim interest, if any (the "Policy Benefits"). The funds should be sent to the following address:

Douglas F. Young, Clerk of Court
United States District Court for the Western District of Arkansas
30 S. 6th Street
Room 1038
Fort Smith, Arkansas 72901-2437

(2) The Clerk of Court shall deposit the Policy Benefits into Court Registry Investment System (CRIS), an interest-bearing account administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045. The funds shall remain so deposited or invested, and the interest thereon reinvested in the same account until the Clerk advises that the funds shall be withdrawn for disposition pursuant to further order of this Court.

(3) Upon deposit of the Policy Benefits with the Court, Prudential shall be dismissed from this case with prejudice and discharged from all liability relating to the payment of the remaining Policy Benefits. Upon dismissal, all claims, crossclaims, and/or counterclaims against Prudential relating to the payment of the Policy Benefits will be dismissed with prejudice, without further cost to any party.

(4) Pursuant to 28 U.S.C. § 2361, Defendants Crystal Titterington, Dustin Zachary Jordan, and the Estate of Kathy Jordan are permanently enjoined from initiating and/or pursuing any claims or actions against Prudential in any state or federal tribunal relating to the payment of the Policy Benefits. Unless otherwise ordered, this Court shall be the sole and exclusive venue for litigating all claims against Prudential "affecting the property, instrument or obligation involved in [this] interpleader action." 28 U.S.C. § 2361.

(5) This action shall remain on the Court's docket for resolution of the distribution of the Policy Benefits.

IT IS THEREFORE ORDERED that Prudential's motion (Doc. 4) is GRANTED. Prudential is DIRECTED to deposit $44,000, plus any applicable interest, into the registry of the Court as directed herein. After Prudential deposits the funds as directed, Prudential shall be

DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 1st day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE