UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA                                                                                       PLAINTIFF

v.                                              No. 2:19-CV-02141

DUSTIN ZACHARY JORDAN, et al.                                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court is Separate Defendant Crystal Titterington's motion for summary judgment (Doc. 36), statement of facts (Doc. 37), and brief in support (Doc. 38). Separate Defendant the Estate of Kathy Jordan filed a response (Doc. 39) in support of Ms. Titterington's motion. Separate Defendant Dustin Zachary Jordan has neither appeared nor responded, and in light of the evidence on the record, no appearance or response is expected. For the reasons set forth below, the motion will be GRANTED.

Spouses Kathy and Michael Jordan were killed on October 8, 2018. On October 9, 2018, the Jordans' son, Separate Defendant Dustin Zachary Jordan, was charged with two counts of first-degree murder under Ark. Code Ann. § 5-10-102(a)(2) for the Jordans' deaths. On August 17, 2020, the Circuit Court of Franklin County, Arkansas entered a judgment of acquittal against Defendant Dustin Jordan. The judgment states in part:

> That the defendant did commit the offenses of MURDER I (ACA 5-10-102(a)(2)[)], a Class Y Felony, 2 COUNTS. That this offense did involve a substantial risk of bodily injury to other persons. That the Defendant remains affected by mental disease or defect. That pursuant to ACA 5-2-314, Defendant is committed to the custody of the Director of the Department of Human Services for further examination by a psychiatrist or licensed psychologist. . . . This Court finds that the Defendant committed the offenses with which he is charged . . . .

1

(Doc. 36-5, pp. 1-2). Although the Circuit Court found that Defendant Dustin Jordan committed the unlawful killing of his parents, he was acquitted on the basis of mental disease or defect and committed for treatment and evaluation. (Doc. 36-5, p. 2).

Plaintiff The Prudential Insurance Company of America ("Prudential") issued a group life insurance policy number G-52986 to Kathy Jordan's employer, Bank of the Ozarks. While living, Kathy Jordan held life insurance coverage under this policy. In November of 2017, Kathy Jordan designated Michael Jordan as the primary beneficiary to the life insurance policy and her children Dustin Jordan and Crystal Titterington as equal, co-contingent beneficiaries. Upon Kathy Jordan's death, $88,000 became due to the beneficiaries. The insurance policy also contained the following clause

> If you and a Beneficiary die in the same event and it cannot be determined who died first, the insurance will be payable as if that Beneficiary died before you.

(Doc. 1-2). Kathy and Michael Jordan died in the same homicide event, and it is unknown who died first. Under the terms of the policy, the $88,000 in death benefits became payable to Dustin Jordan and Crystal Titterington. Prudential distributed half of the death benefits in the amount of $44,409.56 to Crystal Titterington in January 2019. The remaining half of the death benefits remain unpaid to any beneficiary.

On November 19, 2019, Prudential filed a complaint in interpleader in this Court seeking (1) appointment of a representative of the Estate of Kathy Jordan; (2) litigation between defendants regarding the claims they have for the remaining death benefits; (3) either a settlement between the defendants or determination by the Court of to whom the remaining death benefits should be paid; (4) an order permitting Prudential to deposit the remaining death benefits into the Court; (5) an order discharging Prudential from any and all liability regarding the remaining death benefits; (6) an order enjoining Defendants from prosecuting any action affecting the remaining death

benefits; (7) an order awarding attorneys' fees and costs to Prudential; and (8) an order awarding Prudential any other relief the Court deems just and proper. (Doc. 2, pp. 6–7). The Court subsequently granted Prudential and Separate Defendant Crystal Titterington's joint motion to appoint a representative of the Estate of Kathy Jordan. Prudential served all parties that may claim an interest in the proceeds, and those parties have either appeared or failed to respond. The Court granted Prudential's motion (Doc. 4) to deposit the remaining death benefits pursuant to 28 U.S.C. § 1335(a)(2) and the funds were deposited on April 9, 2020. Though the docket does not presently reflect Prudential's dismissal from this action, by operation of the Court's order (Doc. 34), Prudential was dismissed from this action with prejudice upon deposit of the funds.

Separate Defendant Crystal Titterington's motion for summary judgment argues the remaining death benefits that otherwise would be payable to Defendant Dustin Jordan should instead be paid to the Estate of Kathy Jordan because Defendant Dustin Jordan cannot receive those benefits under Arkansas law. In Arkansas, "[i]nsurance and annuity proceeds payable to a slayer as the beneficiary or assignee of a policy or certificate of insurance or an annuity contract on the life of the decedent, or in any other manner payable to the slayer by virtue of the slayer having survived the decedent, shall be paid to the decedent's estate." Ark. Code Ann. § 18-4-205.

"Slayer" means an individual who is:

(A) Convicted by a court of competent jurisdiction of or pleads guilty or nolo contendere to the unlawful killing of the decedent; [or]

(B) Found by a preponderance of the evidence in a civil action to have unlawfully killed the decedent or procured the killing of the decedent, including an individual who has been:

> (i) acquitted by reason of insanity, mental defect or disease, or any other mental incapacity concerning a criminal charge of the unlawful killing of the decedent; or

>> (ii) Found to lack the capacity to understand or effectively assist in a criminal proceeding against himself or herself for the unlawful killing of the decedent.

Ark. Code Ann. § 18-4-202(3)(B).

On a motion for summary judgment, the burden is on the moving party to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant has met its burden, the nonmovant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order for there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Circuit Court found Dustin Jordan committed murder in the first degree and unlawfully killed Kathy and Michael Jordan. Rather than convicting Dustin Jordan, the Circuit Court acquitted him of the offenses by reason of mental disease or defect and committed to the care and custody of the Director of the Department of Human Services for further treatment. To the extent any separate civil action is necessary, this Court finds that Dustin Jordan is a slayer under Ark. Code Ann. § 18-4-202(3)(B)(i). His entitlement to any death benefits payable under policy G-52986 upon the death of Kathy Jordan is forfeited, and the remaining death benefits are payable instead to the Estate of Kathy Jordan under Ark. Code Ann. § 18-4-205(a).

IT IS THEREFORE ORDERED that Defendant Crystal Titterington's motion (Doc. 36) is GRANTED. Following compliance with this order, judgment in the amount of $54,109.00, representing unpaid portion of the death benefits previously deposited in the Registry of the Court, will be entered separately in favor of Defendant The Estate of Kathy Jordan.

IT IS FURTHER ORDERED that counsel for The Estate of Kathy Jordan provide payment information to the Court for disbursement of funds from the Registry of Court.  Counsel may provide this information via email to pkhinfo@arwd.uscourts.gov, and should copy counsel for the other parties that have appeared in that correspondence.

IT IS SO ORDERED this 6th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE